```
HELANE L. MORRISON (State Bar No. 127752)
ROBERT L. MITCHELL (State Bar No. 161354)
CRAIG M. HUGHES (State Bar No. 114970)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile:  415-705-2501
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD M. FITZPATRICK and THOMAS R. STITT,<br><br>Defendants. | Civil Action No. C 04 4120<br><br>[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT DONALD M. FITZPATRICK |

Plaintiff United States Securities and Exchange Commission ("Commission") has filed its Complaint for Permanent Injunction and Other Legal and Equitable Relief ("Complaint") in this action. Defendant Donald M. Fitzpatrick ("Fitzpatrick"), who was represented by his counsel, has submitted a Consent of Donald M. Fitzpatrick to Entry of Final Judgment ("Consent"), which was filed simultaneously with this [Proposed] Final Judgment of Permanent Injunction and Other Relief Against Defendant Donald M. Fitzpatrick ("Final Judgment") and incorporated herein by reference. In the Consent, Fitzpatrick waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over him and over the subject matter of this action, admitted that he was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure,

consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised in the premises, orders as follows.

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Fitzpatrick and his agents, servants, employees, those with powers of attorney on Fitzpatrick's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;
2. obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fitzpatrick and his agents, servants, employees, those with powers of attorney on Fitzpatrick's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fitzpatrick and his agents, servants, employees, those with power of attorney on Fitzpatrick's behalf, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from directly or indirectly violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-2 thereunder [17 C.F.R. § 240.13b2-2] by making or causing to be made materially false or misleading statements or omitting to state or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with an audit or examination of the financial statements of an issuer required to be made or the preparation or filing of reports required by filed with the Commission.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to the provisions of Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] Fitzpatrick is prohibited from acting as an officer or director of any issuer that has a class of securities registered with the Commission

pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fitzpatrick shall pay monetary disgorgement of $94,000, together with prejudgment interest thereon in the amount of $3,499.48, for total disgorgement of $97,499.48.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fitzpatrick shall pay a civil monetary penalty in the amount of $125,000 pursuant to the provisions of Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Fitzpatrick shall satisfy the ordered monetary relief set forth in Sections V. and VI. by paying $37,083.28 within 10 days of the entry of this Final Judgment (the "Initial Payment"), and the remainder in 10 equal quarterly installments of $18,541.62 each (the "Quarterly Installment Payments"). The first of Fitzpatrick's Quarterly Installment Payments shall be due September 30, 2005. Thereafter, Fitzpatrick shall make a Quarterly Installment Payment every December 31, March 30, June 30 and September 30, through December 31, 2007. All payments shall be made to the Clerk of this Court, together with a cover letter identifying Donald M. Fitzpatrick as the defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the attention of Helane L. Morrison, District Administrator, at the Commission's San Francisco District Office, 44 Montgomery Street, Suite 2600, San Francisco, CA 94104. By making each payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall

1  deposit each payment into an interest bearing account with the Court Registry Investment System
2  ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the
3  "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines
4  set by the Director of the Administrative Office of the United States Courts, the Clerk is directed,
5  without further order of this Court, to deduct from the income earned on the money in the Fund a fee
6  equal to 10% of the income earned on the Fund. Such fee shall not exceed that authorized by the
7  Judicial Conference of the United States. The Commission may by motion propose a plan to
8  distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be
9  distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.
10 Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil
11 penalties pursuant to this Judgment shall be treated as penalties paid to the government for all
12 purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant
13 shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim
14 by the amount of any Fair Fund distribution to such investor in this action that is proportionately
15 attributable to the civil penalty paid by Defendant ("Penalty Offset"). If the court in any Related
16 Investor Action grants such an offset or reduction, Defendant shall, within 30 days after entry of a
17 final order granting the offset or reduction, notify the Commission's counsel in this action and pay the
18 amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission
19 directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to
20 change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a
21 "Related Investor Action" means a private damages action brought against Defendant by or on behalf
22 of one or more investors based on substantially the same facts as alleged in the Complaint in this
23 action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of Fitzpatrick's Consent filed concurrently with this Judgment are incorporated by this reference, that Fitzpatrick shall comply with the Consent and that a breach of the terms of the Consent therefore shall constitute a failure to adhere to the terms of this Final Judgment.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Final Judgment may be served upon Fitzpatrick, or his counsel, in person or by mail either by the United States Marshall, the Clerk of the Court, or any member of the staff of the Commission.

Dated: 6/17/05

s/Susan Illston

United States District Court Judge

APPROVED AS TO FORM:

Gidon M. Caine, Esq.
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304
Attorneys for Defendant Donald M. Fitzpatrick

[Proposed] Final Judgment of Permanent Injunction and Other Relief Against Donald M. Fitzpatrick
C 04-4120

6